UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL D. CRUTCHFIELD,
    Petitioner,

vs.

WARDEN, CORRECTIONAL
RECEPTION CENTER,
    Respondent.

Case No. 1:13-cv-438

Beckwith, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Correctional Reception Center in Orient, Ohio, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss and petitioner's response in opposition. (Docs. 8, 13).

**I.    PROCEDURAL HISTORY**

**State Trial Proceedings**

On June 8, 2009, the Hamilton County, Ohio grand jury returned an eight-count indictment charging petitioner with three counts of attempted murder, two counts of murder, and three counts of felonious assault. (Doc. 8, Ex. 1). In a separate case, petitioner was charged with four counts of having weapons while under disability. (Doc. 8, Ex. 3). Petitioner entered a not guilty plea to all charges. (Doc. 8 Ex. 2). The trial court consolidated the cases for trial. (Doc. 8, Ex. 4).

On September 13, 2010, following a jury trial, the jury acquitted petitioner on two counts of attempted murder and found him guilty of the remaining counts. (Doc. 8, Ex. 5, 6). On October 19, 2010, petitioner was sentenced to a total aggregate prison sentence of forty-nine years to life in the Ohio Department of Corrections. (Doc. 8, Ex. 7).

**Direct Appeal**

On October 18, 2010, petitioner, through new counsel, filed a timely notice of appeal to the Ohio Court of Appeals. (Doc. 8, Ex. 8). Petitioner raised the following eight assignments of error in his appellate brief:

1. The jury erred to the prejudice of the Defendant-Appellant by finding him guilty of murder, attempted murder, felonious assault, and having weapons under disability, as those findings were not supported by sufficient evidence.

2. The jury erred to the prejudice of the Defendant-Appellant by finding him guilty of murder, attempted murder, felonious assault, and having weapons under disability, as those findings were contrary to law.

3. The trial court erred to the prejudice of the Defendant-Appellant by overruling his Motion for Acquittal under Ohio Criminal Procedure Rule 29.

4. The trial court erred to the prejudice of the Defendant-Appellant by imposing a sentence that is an abuse of discretion.

5. Defendant-Appellant was prejudiced by the state's misconduct.

6. The trial court erred to the prejudice of the Defendant-Appellant by not granting his motion to suppress his statement.

7. The trial court erred to the prejudice of the Defendant-Appellant by not granting his motion to suppress the identification evidence.

(Doc. 8, Ex. 9). On October 21, 2011, the appeals court overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 8, Ex. 11).

**Ohio Supreme Court**

Petitioner subsequently filed a pro se notice of appeal and a motion to file a delayed appeal to the Ohio Supreme Court. (Doc. 8, Ex. 12, 13). Petitioner indicates that he submitted an appeal to the Ohio Supreme Court on December 1, 2011, but that the appeal was returned to him as unfiled because he failed to attach a copy of the Ohio Court of Appeals' decision to his memorandum in support of jurisdiction. (Doc. 8, Ex. 13, p. 1). On December 16, 2011,

petitioner submitted a motion for leave to file a delayed appeal, which was also returned to him for failure to include an affidavit stating why his filing was untimely. *Id.* On February 8, 2012, petitioner filed his delayed appeal motion in compliance with the Ohio Supreme Court filing requirements. (*See* Doc. 8, Ex. 13). On March 21, 2012, the Ohio Supreme Court denied petitioner's motion to file a delayed appeal and dismissed the case. (Doc. 8, Ex. 14).

## Federal Habeas Corpus

Petitioner filed the instant habeas petition pro se on June 21, 2013. (Doc. 1). Petitioner raises the following seven grounds for relief in the petition:

1. The jury erred to the prejudice of the Defendant-Appellant by finding him guilty of murder, attempted murder, felonious assault, and having weapons under disability, as those findings were not supported by sufficient evidence.

2. Jury erred to the prejudice of the Defendant-Appellant by finding him guilty of murder, attempted murder, felonious assault, and having weapons under disability, as those findings were contrary to law.

3. The trial court erred to the prejudice of the Defendant-Appellant by overruling Motion for Acquittal.

4. The trial court erred to the prejudice of the Defendant-Appellant by imposing a sentence that is an abuse of discretion.

5. Defendant-Appellant was prejudiced by the state's misconduct.

6. The trial court erred to the prejudice of the Defendant-Appellant by not granting his motion to suppress[ his] statement.

7. The trial court erred to the prejudice of the Defendant-Appellant by not granting his motion [for] suppression of identification.

(Doc. 1).

Respondent has filed a motion to dismiss the petition on the ground that it is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and, in the alternative,

3

that petitioner's grounds for relief are procedurally defaulted.[1] (Doc. 8).

## II. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847–48; *Harris v. Reed,* 489 U.S. 255, 260–62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260–62. The Supreme

---

[1] Because the Court finds that petitioner has procedurally defaulted and waived his grounds for relief, it need not determine whether the petition is time-barred.

Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady*, 456 U.S. 152, 167–69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris,* 489 U.S. at 263; *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). In those cases where the last state court to render a reasoned opinion explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803–04 (1991). Moreover, in *Harris,* the Supreme Court explained that the rule requiring that the state court plainly state that its judgment rests on a state procedural default "applies only when a state court has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris,* 489 U.S. at 263 n.9; *see also Teague v. Lane*, 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris* . . . assumes that a state court has had the

5

opportunity to address a claim that is later raised in a federal habeas proceeding."). The Court stated: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

The rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423–24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell,* 342 F. App'x 998, 1002 (6th Cir. 2009). To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw,* 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr,* 265 F.3d 407, 417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw,* 493 F. App'x 666,

669 (6th Cir. 2012). Under *Maupin* and as discussed above, if the three prerequisites are met for finding a claim is procedurally defaulted under the adequate and independent state ground doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can demonstrate cause for and prejudice from his procedural default or that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice." *Hoffner*, 622 F.3d at 495 (citing *Maupin*, 785 F.2d at 138); *Johnson*, 493 F. App'x at 669. *See also Coleman*, 501 U.S. at 750; *Harris*, 489 U.S. at 262; *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In this case, petitioner procedurally defaulted his grounds for relief when he failed to perfect a timely appeal to the Ohio Supreme Court from the Court of Appeals' October 21, 2011 denial of his direct appeal.[2] Although petitioner thereafter attempted to file a delayed appeal to the Ohio Supreme Court, it is presumed that the state court relied on an adequate and independent state ground when it denied petitioner's February 8, 2012 motion to file a delayed appeal from the Ohio Court of Appeals' decision. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (per curiam); *see generally Harris*, 489 U.S. at 260–62. As the Sixth Circuit explained in *Bonilla*, "the applicable Ohio [Supreme Court] rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits." *Bonilla*, 370 F.3d at 497 (and unpublished Sixth Circuit cases cited therein). In this case, as in *Bonilla*, the Ohio Supreme Court was "entirely silent as to its reasons for denying [the] requested relief." *See id.* In such circumstances, it must be assumed that the state court enforced the applicable procedural bar to review. *See id.* (citing *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996)).

---

[2] As noted above, petitioner indicates that he attempted to file a timely appeal to the Ohio Supreme Court on December 1, 2011, but that the appeal was returned to him for failure to comply with the Court's filing requirements. (Doc. 8, Ex. 13, p. 1).

7

Consequently, by failing to fairly present his constitutional claims to the Ohio Supreme Court, petitioner has waived the claims absent a showing of cause for his default and actual prejudice as a result of the alleged errors, or that the failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750. *See also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

In this case, petitioner fails to demonstrate cause for his default. "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] . . . some objective factor external to the defense [that] impeded . . . efforts to comply with the State's procedural rule." *Coleman,* 501 U.S. at 753. "Such factors may include interference by officials, an attorney error rising to the level of ineffective assistance of counsel, or a showing that a factual or legal basis for a claim was not previously available." *Wilson v. Hurley,* 382 F. App'x 471, 478 (6th Cir. 2010) (citing *McClesky v. Zant,* 499 U.S. 467, 493–94 (1991)). Petitioner argues that he was diligent in seeking an appeal with the Ohio Supreme Court and that his motion for a delayed appeal should have been granted.[3] Petitioner further contends that he "was locked up and housed at the Lebanon Correctional Institution which is a 23 hour lockdown facility. Being indigent and ignorant to the law, he was left to rely on other inmates in understanding the requirements to perfect his appeal to the Ohio Supreme Court." (Doc. 13, p. 7). However, petitioner's pro se status, ignorance of the law or procedural requirements, and limited access to legal materials are insufficient to constitute cause. *Rogers v. Warden,* No. 1:10-cv-397, 2011 WL 1771691, at *6 (S.D. Ohio Feb. 8, 2011) (Report and Recommendation), *adopted,* 2011

---

[3] Petitioner claims that "two justices from the Ohio Supreme Court (Pfeifer, J and O'Donnel, J) both dissented and agreed with Crutchfield that his motion for delayed appeal should have been granted." (Doc. 13, p. 7). However, the record in this case does not support petitioner's claim, as the Ohio Supreme Court decision denying the motion does not include any dissenting opinions. (*See* Doc. 8, Ex. 14).

8

WL 1753711 (S.D. Ohio May 9, 2011); *see also Bonilla*, 370 F.3d at 498 (holding that the petitioner's pro se status and ignorance of the law and procedural requirements for filing a timely appeal were insufficient to establish cause for his failure to perfect a timely appeal to the Ohio Supreme Court).

Finally, petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claims for relief are not considered or, in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *See Murray*, 477 U.S. at 495–96. *See also Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Bonilla*, 370 F.3d at 498. To establish a credible claim of actual innocence sufficient to excuse his procedural default, petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner must also show "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, including that evidence alleged "to have become available only after the trial." *Id.* at 327–28. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. The Court notes that actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). *See also Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998). The actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Schlup*, 513 U.S. at 321.

Petitioner has failed to establish a credible claim of actual innocence under the *Schlup*

9

standard as he has not supported his allegations of constitutional error with any new evidence of actual innocence. Petitioner's habeas petition and reply to the return of writ include arguments based solely on the facts and claims presented during his trial and on appeal. Accordingly, the Court is unable to reach the merits of his claims. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup,* 513 U.S. at 316. Petitioner has not demonstrated that his procedural defaults should be excused under the "fundamental miscarriage of justice" exception. Therefore, petitioner has procedurally defaulted and waived the claims raised in the petition.

Accordingly, in sum, having found that petitioner procedurally defaulted and waived his grounds for relief, petitioner is not entitled to habeas relief and his petition (Doc. 1) should be **DISMISSED** with prejudice.

### IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[4]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,*

---

[4] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack,* 529 U.S. at 484.

the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 5/14/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL D. CRUTCHFIELD,
    Petitioner,

vs.

WARDEN, CORRECTIONAL
RECEPTION CENTER,
    Respondent.

Case No. 1:13-cv-438

Beckwith, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Michael D. Crutchfield<br>#638-426<br>Correctional Reception<br>Center<br>PO Box 300<br>Orient, OH 43146 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>   ☒ Certified Mail   ☐ Express Mail<br>   ☐ Registered      ☐ Return Receipt for Merchandise<br>   ☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number<br>   (Transfer from service label) | 7011 3500 0001 5345 5635 |
| PS Form 3811, February 2004 | Domestic Return Receipt        102595-02-M-1540 |