UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael D. Crutchfield,   :   Case No. 1:13-cv-438
:
   Petitioner,   :
:
vs.   :
:
Warden, Correctional Reception Center,   :
:
   Respondent.   :

## ORDER

Before the Court are Petitioner's objections to the Magistrate Judge's Report and Recommendation.  The Magistrate Judge recommends that the petition for a writ of habeas corpus be dismissed with prejudice because Crutchfield's claims are procedurally defaulted.  (Doc. 14)  Crutchfield argues that he has established good cause and actual prejudice sufficient to excuse any default.  (Doc. 19)

For the following reasons, the Court agrees with the Magistrate Judge's recommendation, and adopts the Report in full.

## FACTUAL BACKGROUND

As set forth in the Magistrate Judge's Report, Michael Crutchfield was indicted on a variety of charges, including murder, attempted murder, felonious assault, and having weapons while under disability.  He pled not guilty to all charges.  A jury acquitted him on two counts of attempted murder, but found him guilty of all other charges.  On October 19, 2010, Crutchfield was sentenced to a term of 49 years to life.  Crutchfield timely appealed his conviction and sentence, and the Ohio Court of Appeals rejected all of his claims and affirmed the judgment in a written decision dated October 21, 2011.

On December 1, 2011, Crutchfield submitted a pro se notice of appeal to the Ohio Supreme Court. His papers were returned to him with a December 6, 2011 letter from the Clerk. The letter explained that he failed to attach a copy of the Ohio Court of Appeals' decision, which is required by the Supreme Court's rules. The letter also instructed Crutchfield to file a motion for leave to file a delayed appeal with an affidavit of facts in support of his motion, if he wanted to pursue his appeal. Crutchfield mailed his notice and a motion for leave to file a delayed appeal, which was received by the Supreme Court on December 16, 2011. These papers were also returned to him by the court because he did not submit an affidavit in support of his motion. Finally, on February 8, 2012, his subsequent notice and motion was determined to be in compliance with the Supreme Court's rules and it was filed on that day. On March 21, 2012, the Supreme Court summarily denied his motion and dismissed his case. (Doc. 8, Ex. 14)

Crutchfield's pro se habeas petition, which he signed on June 1, 2013 and which was filed in this Court on June 21, raises seven grounds for relief, all of which he raised in his direct appeal:

1. The jury erred to the prejudice of the Defendant-Appellant by finding him guilty of murder, attempted murder, felonious assault, and having weapons under disability, as those findings were not supported by sufficient evidence.

2. Jury erred to the prejudice of the Defendant-Appellant by finding him guilty of murder, attempted murder, felonious assault, and having weapons under disability, as those findings were contrary to law.

3. The trial court erred to the prejudice of the Defendant-Appellant by overruling Motion for Acquittal.

-2-

    4.       The trial court erred to the prejudice of the Defendant-Appellant by imposing a sentence that is an abuse of discretion.

    5.       Defendant-Appellant was prejudiced by the state's misconduct.

    6.       The trial court erred to the prejudice of the Defendant-Appellant by not granting his motion to suppress [his] statement.

    7.       The trial court erred to the prejudice of the Defendant-Appellant by not granting his motion [for] suppression of identification.

(Doc. 1)

The Warden filed a motion to dismiss Crutchfield's petition. (Doc. 8) She argues that the petition was untimely under the one-year statute of limitations set forth in 28 U.S.C. §2244(d). She alternatively argues that all of Crutchfield's claims were procedurally defaulted, because Crutchfield did not timely pursue his appeal to the Ohio Supreme Court, and that court enforced its procedural rule against him. Crutchfield opposes the motion to dismiss, contending that he did not default his claims because he was incarcerated and was diligent in attempting to comply with the Ohio Supreme Court's filing requirements. He also argues that his petition is timely under the AEDPA. If it is not, he suggests that he is entitled to equitable tolling of the one-year statute.

The Magistrate Judge concluded that the doctrine of procedural default bars review of Crutchfield's claims. Citing Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004), she found that the Ohio Supreme Court's summary denial of Crutchfield's motion to file a delayed appeal is a procedural ruling, and not a ruling on the merits of his claims. The Magistrate Judge further concluded that Crutchfield failed to show cause for his procedural default, or that a fundamental miscarriage of justice would result if his claims are not considered on the merits. The Magistrate Judge did not determine

whether or not Crutchfield's petition was timely filed under the AEDPA, given her conclusions and recommendations on procedural default.

Crutchfield objects. He contends that he was extremely diligent in pursuing an appeal to the Ohio Supreme Court, and that the circumstances of his incarceration posed great obstacles to securing a timely filing. He also contends that he has demonstrated good cause to excuse his default, and that he has established prejudice because he is actually innocent of the crimes of which he was convicted.

## DISCUSSION

Standard of Review

A federal court may issue a writ of habeas corpus to correct an error in a state proceeding that resulted in petitioner's confinement, if that proceeding was rendered fundamentally unfair by a violation of the Constitution or laws of the United States. Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994); 28 U.S.C. §2254(a).

The doctrine of procedural default bars a habeas petitioner from raising claims that were not properly presented to the state court. If a state court previously dismissed a state prisoner's federal claim because the prisoner failed to comply with a state procedural rule, a federal court ordinarily cannot consider the merits of that claim. Coleman v. Thompson, 501 U.S. 722, 729-731 (1991). This doctrine bars habeas review of such claims if: (1) the petitioner failed to comply with a state procedural rule; (2) the state court clearly enforces that rule; (3) the rule is an adequate and independent state ground for denying review of the federal constitutional claim; and (4) the petitioner cannot show cause and prejudice that would excuse the default. Guilmette v. Howes, 624 F.3d 286, 290 (6th Cir. 2010 (en banc)(internal quotations omitted); Maupin v.

Smith, 785 F.2d 135, 138 (6th Cir. 1986).

Under the fourth prong, a petitioner can excuse a default by establishing good cause for the default, and actual prejudice resulting from the constitutional error. Maupin, 785 F.2d at 139. Alternatively, a petitioner may establish that the state court outcome amounts to a fundamental miscarriage of justice that requires habeas relief. This is a rare situation, and a petitioner must produce new evidence demonstrating that a constitutional violation has probably resulted in his conviction despite his actual innocence. Moore v. Mitchell, 708 F.3d 760, 775 (6th Cir. 2013), citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986).

Crutchfield's Claims are Defaulted

There is no dispute that Crutchfield's appeal to the Ohio Supreme Court was untimely. He recognizes that under Ohio law, his notice of appeal had to be filed within 45 days of the decision of the Ohio Court of Appeals affirming his convictions, or by December 5, 2011. See Ohio Sup. Ct. R. II, §2(A)(1)(a). His appeal was not filed until February 8, 2012. The court's summary order denying his delayed appeal did not explain the basis for the denial. The Sixth Circuit addressed an almost identical situation in Bonilla v. Hurley, where the petitioner filed a motion for leave to file a delayed appeal which was summarily denied by the Ohio Supreme Court. The Sixth Circuit held:

> This case turns upon whether the Ohio Supreme Court entry denying Bonilla's motion for leave to file a delayed appeal constitutes a procedural ruling sufficient to bar federal court review of Bonilla's habeas corpus petition. Upon examination of the Ohio Supreme Court Rules, we conclude that it does. The Ohio Supreme Court Rules require a motion for a delayed appeal to state "the date of entry of the judgment being appealed and adequate reasons for the delay." Ohio Sup. Ct. R. II, Section

> 2(A)(4)(a). In addition, the motion must be accompanied by a supporting affidavit and a "copy of the decision being appealed." *Id*. A motion for a delayed appeal is not required to contain the actual claims and supporting arguments sought to be presented on appeal. *Id*. Instead, only when "the Supreme Court grants a motion for delayed appeal," is the appellant required to "file a memorandum in support of jurisdiction." Ohio Sup. Ct. R. II, Section 2(A)(4)(c). Thus, the applicable Ohio court rules indicate that the denial of a motion for a delayed appeal is a procedural ruling, not a ruling on the merits. Indeed, this court has previously reached this conclusion, albeit in unpublished opinions. See *Hall v. Huffman*, 2000 U.S. App. LEXIS 25956, No. 98-3586, 2000 WL 1562821, at *3 (6th Cir. Oct. 11, 2000) (unpublished); *Shabazz v. Ohio*, 1998 U.S. App. LEXIS 13444, No. 97-3085, 1998 WL 384559, at *1 (6th Cir. June 18, 1998) (unpublished).
>
> We therefore conclude that Bonilla's grounds for relief have been procedurally defaulted. See *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). Bonilla failed to file a timely notice of appeal with the Ohio Supreme Court and his motion for leave to file a delayed appeal was denied by that court apparently because he failed to demonstrate adequate reasons for his failure to file a timely notice of appeal or to otherwise comply with the provisions of Ohio Sup. Ct. R. II, Section 2(A)(4). Where a state court is entirely silent as to its reasons for denying requested relief, we assume that the state court would have enforced any applicable procedural bar. *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

Bonilla, 370 F.3d at 497.

As both Bonilla and Smith v. State of Ohio Dept of Rehab., 463 F.3d 426, 431-32 (6th Cir. 2006) make clear, the Ohio Supreme Court's 45-day rule is an adequate and independent state ground for purposes of determining whether habeas claims have been defaulted.

Therefore, to avoid dismissal, Crutchfield must demonstrate cause for his default and actual prejudice. The Magistrate Judge found that he had not satisfied either test. Crutchfield argues he has shown good cause because he mailed his notice of appeal on December 1, 2011, which was within the 45-day filing period. His papers were returned

to him, however, with instructions on proper filing requirements. It was not until February 8, 2012 that his motion was accepted and filed with the Supreme Court. He contends that the facility in which he was housed was a "23 hour lock down facility" when he first arrived, and he had limited access to the prison law library. He also suggests that he was not aware of the court's requirements for properly filing a request for delayed appeal. That suggestion is belied by the December 6, 2011 letter addressed to him from the Supreme Court clerk, returning his original notice and explaining to him what he had to do in order to move for a delayed appeal. (See Doc. 1 at 18) Despite this letter, Crutchfield failed to submit a properly drawn motion for almost two months, and this additional delay is not explained. Moreover, his incarceration or limited access to the prison law library is not sufficient cause to excuse his default, as the Sixth Circuit plainly held in Bonilla.

      Crutchfield also contends that two Ohio Supreme Court justices dissented from that Court's denial of his delayed appeal, which further establishes good cause to excuse his default. The Ohio Supreme Court's docket for Crutchfield's appeal includes no dissenting orders or opinions. See Case No. 2012-0241, State of Ohio v. Michael Crutchfield, www.sconet.state.oh.us/Clerk/ecms, last accessed August 7, 2014. The official publication of the order does state that two justices dissented (see State v. Crutchfield, 131 Ohio St.3d 1483 (2012)). But the mere notation of a dissent does not alter the analysis of whether he has demonstrated cause under federal law to avoid the procedural bar erected by the majority's order denying leave to appeal

      Crutchfield further objects to the Magistrate Judge's conclusion that he has not established prejudice or a fundamental miscarriage of justice. All of the claims raised in

Crutchfield's habeas petition were raised on his direct appeal, and were rejected on the merits by the Ohio Court of Appeals. He nevertheless contends that he is in prison "on violations of his constitutional rights, and he is actually innocent" of the crime of which he was convicted. (Doc. 19 at 4) He also claims that he was convicted "solely on witness mis-identification," and was denied the opportunity to cross-examine the identifying witnesses at a suppression hearing because they did not appear. (Id. at 5)

A cognizable claim of actual innocence requires a petitioner to do more than simply assert his innocence. Crutchfield must support his allegation "... with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324 (1995). He must show that, in light of the new evidence he presents, no reasonable juror would have found him guilty. A claim of actual innocence that can excuse a procedural default is, and should be, a rare situation.

Crutchfield offers no new evidence in support of his actual innocence assertion. As the Magistrate Judge found, his petition and his reply to the Warden's return simply re-argue the facts and claims presented in the state court. This is not sufficient to establish good cause to excuse his default and to consider the merits of his claims.

As the Court has concluded that Crutchfield's claims must be dismissed based on procedural default, the Court need not address Respondent's alternative argument that his petition is time-barred under 28 U.S.C. §2244(d).

## CONCLUSION

As required by 28 U.S.C. §636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a de novo review of the record in this case. Upon such

review, the Court finds that Crutchfield's objections to the Magistrate Judge's Report are not well taken, and are therefore overruled. The Report is adopted in full. Crutchfield's petition for a writ of habeas corpus is dismissed with prejudice.

The Court finds that a certificate of appealability should not issue with respect to the petition, because reasonable jurists would not find it debatable whether this Court is correct in its procedural ruling with respect to Crutchfield's claims. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal of this Order would not be taken in good faith, and denies Crutchfield leave to appeal in forma pauperis. See <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

  SO ORDERED.

  THIS CASE IS CLOSED.

DATED: August 11, 2014         <u>s/Sandra S. Beckwith</u>
                 Sandra S. Beckwith, Senior Judge
                 United States District Court